UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GLOBECAST AMERICA INCORPORATED, :

          Plaintiff,         :

              Civil Action No. CV-08-4695 (FRB) (VVP)

     -against-         :

**ANSWER**

EUROVU S.A. and SPANSKI      :
ENTERPRISES, INC.,

                      :

         Defendants.

------------------------------------------------------------X

      Defendant EuroVu S.A. ("EuroVu"), by its attorneys, Loeb & Loeb LLP, alleges as follows for its Answer to the Complaint of plaintiff GlobeCast America Incorporated, f/k/a GlobeCast North America Incorporated ("GlobeCast"):

      1.      Admits the allegations of paragraph 1.

      2.      Denies the allegations of paragraph 2.

      3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3.

      4.      Denies the allegations of paragraph 4, except admits that EuroVu is a foreign corporation with its principal place of business at 5, Rue du Pre-Fleuri, 1950 Sion (Valais), Switzerland.

      5.      Admits the allegations of paragraph 5, except states that Spanski Enterprises, Inc. is organized under the laws of Ontario (not Canada).

      6.      Denies the allegations of paragraph 6, except admits that EuroVu is in the business of, among other things, distributing certain television and radio programming services.

7.     Denies the allegations of paragraph 7, except admits that EuroVu's programming services include the Polish language television and radio channels TV Polonia, TVP Info (formerly TVP3), Tele5, Polsat, Polskie Radio 1 and Polskie Radio 3.

8.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8.

9.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9.

10.    Denies the allegations of paragraph 10, except admits that GlobeCast and EuroVu entered into a Domestic Distribution and Revenue Sharing Agreement effective as of May 1, 2002 (the "Agreement"), and refers to that agreement for the full contents thereof.

11.    Denies the allegations of the first sentence of paragraph 11, and states that EuroVu delivers the Programming Service to a point of presence located at 111 8th Avenue, New York, NY, from which GlobeCast transfers the Programming Service signal to 60 Hudson Street, New York, NY. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 11.

12.    Denies the allegations of paragraph 12, except admits that GlobeCast must authorize CAMs in order to allow subscribers to descramble the encrypted Programming Service signal, and states that, soon after entering into the Agreement, GlobeCast distributed the Programming Service to subscribers, including, *inter alia*, certain cable service providers that are EuroVu customers, pursuant to the Agreement.

13.    Denies the allegations of paragraph 13, except admits EuroVu has taken the position that it does not need to pay any additional compensation to GlobeCast beyond the compensation provided for in the Agreement.

14. Denies the allegations of paragraph 14, except admits that GlobeCast previously indicated to EuroVu that it would no longer provide CAMs and other products necessary to descramble the encrypted Programming Service signal to EuroVu's cable customers, unless EuroVu agreed to pay additional compensation to GlobeCast beyond what is provided for in the Agreement, and that EuroVu responded that if GlobeCast improperly interfered with the provision of the Programming Service to EuroVu's cable customers, EuroVu would commence an action against GlobeCast for breach of contract.

15. Denies the allegations of paragraph 15.

16. Denies the allegations of paragraph 16.

17. Denies the allegations of paragraph 17.

18. Repeats and realleges is responses above to paragraphs 1 through 17 of the Complaint as if fully set forth herein.

19. Denies the allegations of paragraph 19.

20. Denies the allegations of paragraph 20, except admits that EuroVu has informed GlobeCast that, if GlobeCast were to follow through on its threats to cease or interfere with the provision of the Programming Service to EuroVu's cable customers, EuroVu would commence an action against GlobeCast for breach of contract.

21. Denies the allegations of paragraph 21, except admits that defendant Spanski Enterprises, Inc. ("SEI"), which is not a party to the Agreement, does not provide any compensation to GlobeCast.

22. States that the allegations of paragraph 22 are conclusions of law to which no response is required.

23. Denies the allegations of paragraph 23.

24. Denies the allegations of paragraph 24, except denies knowledge or information sufficient to form a believe as to the truth of the allegations pertaining to GlobeCast's purported "wish[es]" and motivations.

25. Admits that GlobeCast seeks the judgment described in paragraph 25, but denies that GlobeCast is entitled to such a judgment.

26. Repeats and realleges is responses above to paragraphs 1 through 25 of the Complaint as if fully set forth herein.

27. Denies the allegations of paragraph 27, except admits that, pursuant to the Agreement, GlobeCast distributes the Programming Service to subscribers thereof, including, *inter alia*, certain cable service providers that are EuroVu customers, and states that GlobeCast receives compensation for such services pursuant to the Agreement.

28. Denies the allegations of paragraph 28, except admits that EuroVu has accepted the benefit of GlobeCast's services provided pursuant to the Agreement.

29. Denies the allegations of paragraph 29, and avers that GlobeCast has been compensated for the services provided pursuant to the Agreement.

30. Denies the allegations of paragraph 30.

31. Denies the allegations of paragraph 31.

32. Repeats and realleges is responses above to paragraphs 1 through 31 of the Complaint as if fully set forth herein.

33. Denies the allegations of paragraph 33, except admits that, pursuant to the Agreement, GlobeCast distributes the Programming Service to subscribers thereof, including, *inter alia*, certain cable service providers that are EuroVu customers, and states that GlobeCast receives compensation for such services pursuant to the Agreement.

34. Denies the allegations of paragraph 34, except admits that EuroVu has accepted the benefit of GlobeCast's services provided pursuant to the Agreement.

35. Denies the allegations of paragraph 35, and avers that GlobeCast has been compensated for the services provided pursuant to the Agreement.

36. Denies the allegations of paragraph 36.

37. Denies the allegations of paragraph 37.

EuroVu states the following affirmative defenses, without assuming the burden of proof on such defenses that would otherwise rest on plaintiff.

### As and for a First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

### As and for a Second Affirmative Defense

GlobeCast's claims are barred because such claims were brought in an improper venue, and are more appropriately brought in a different venue.

### As and for a Third Affirmative Defense

GlobeCast's claims are barred, in whole or in part, by the doctrines of estoppel, laches, waiver, ratification and/or acquiescence.

### As and for a Fourth Affirmative Defense

GlobeCast's claims are barred, in whole or in part, by the doctrines of unclean hands and in pari delicto.

### As and for a Fifth Affirmative Defense

To the extent GlobeCast seeks relief pursuant to theories of *quantum meruit*, unjust enrichment, or any other quasi-contractual basis, such claims are barred to the extent that an express agreement concerning the subject matter of any such claims existed.

### As and for a Sixth Affirmative Defense

GlobeCast's claims are barred, in whole or in part, because GlobeCast did not suffer any damages.

### As and for a Seventh Affirmative Defense

To the extent GlobeCast has been damaged, which EuroVu denies, GlobeCast's claims are barred, in whole or in part, by GlobeCast's failure to mitigate its alleged damages.

### As and for a Eighth Affirmative Defense

GlobeCast's claims are barred, in whole or in part, because they are improperly duplicative.

### RIGHT TO ASSERT ADDITIONAL DEFENSES

EuroVu expressly reserves the right to assert and pursue additional defenses.

Dated: New York, New York
February 19, 2009

        LOEB & LOEB LLP

        By: _____
           Jonathan Zavin (JZ1846)
           Jonathan Neil Strauss (JS1090)
           345 Park Avenue
           New York, New York 10154-1895
           (212) 407-4000

        *Attorneys for Defendant EuroVu S.A.*